**Affirmed and Memorandum Opinion filed August 1, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00042-CR

## EX PARTE JOSE LUIS BECERRA

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 07-DCR-048284

## M E M O R A N D U M   O P I N I O N

Appellant Jose Luis Becerra appeals from the trial court's order denying his application for writ of habeas corpus alleging ineffective assistance of counsel in advising about the immigration consequences of a guilty plea. Because immigration consequences are considered collateral to a guilty plea, we affirm.

### BACKGROUND

Becerra is a permanent legal resident of the United States. In March 2007, Becerra was indicted for Indecency with a Child by Sexual Contact, a second degree felony, in Fort Bend County. *See* Tex. Penal Code Ann. § 21.11 (West 2011). Pursuant to a plea bargain, Becerra pled guilty to Injury to a Child, a third degree felony, in

December 2007.  *See id.* § 22.04.  After Becerra pled guilty, the trial court placed him on four years deferred adjudication probation.  Becerra successfully completed probation, and the charges against him were dismissed in January 2012.

As a result of his 2007 guilty plea, the federal government initiated deportation proceedings against Becerra.[1]  In 2011, Becerra filed an Application for Writ of Habeas Corpus, alleging that his attorney did not properly advise him that his plea of guilty would result in almost certain deportation.  *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2011).  The trial court denied Becerra's application, and Becerra now appeals.

## STANDARD OF REVIEW

An applicant seeking post-conviction habeas corpus relief bears the burden of establishing his claims by a preponderance of the evidence.  *Ex Parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  An appellate court reviewing a trial court's ruling on a habeas application must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

## ANALYSIS

Becerra contends the trial court erred in denying his habeas writ.  In a single issue, he relies exclusively on the Supreme Court's holding in *Padilla v. Kentucky.* 130 S. Ct. 1473, 1486 (2010).  In *Padilla*, the Court held that counsel "must inform her client whether his plea carries a risk of deportation."  *Id.*  Becerra argues that *Padilla* required his attorney to advise him that if he pled guilty, he would certainly be deported due to the nature of the offense.  Because his attorney did not advise him of the certainty of his deportation, Becerra argues his plea was involuntary.

---

[1] U.S. Immigration and Customs Enforcement served Becerra with a notice to appear as a result of his 2007 plea bargain.  A hearing was scheduled for October 31, 2012.  The result of that hearing does not appear in the appellate record.

The Supreme Court recently held, however, that *Padilla* does not have a retroactive effect; thus, defendants convicted prior to *Padilla* cannot benefit from its holding. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). In addition, the Texas Court of Criminal Appeals has held that *Padilla*'s rule does not apply retroactively under the Texas Constitution. *Ex Parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

In this case, Becerra was convicted in 2007, three years prior to the 2010 *Padilla* holding. Because *Padilla* does not apply retroactively, Becerra cannot benefit from its holding. Accordingly, pre-*Padilla* law applies to his habeas writ alleging ineffective assistance of counsel.

Under pre-*Padilla* law, ineffective assistance of counsel in a criminal prosecution does not extend to collateral aspects like immigration consequences. *Ex Parte Luna*, No. 14-11-01063-CR, 2013 WL 1197777, at *4 (Tex. App.—Houston [14th Dist.] March 26, 2013, no pet.). Becerra had no constitutional right to effective assistance in warning about the collateral immigration consequences of his guilty plea. Therefore, we overrule Becerra's single issue and hold the trial court did not abuse its discretion in denying Becerra's habeas application.

## CONCLUSION

Having overruled Becerra's issue on appeal, we affirm the trial court's denial of his application for writ of habeas corpus.

/s/   J. Brett Busby
      Justice

Panel consists of Justices Boyce, Jamison, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

3